14-3677
*Whitehaven S.F., LLC v. Spangler*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand fifteen.

Present:
        ROBERT A. KATZMANN,
                *Chief Judge*,
        PETER W. HALL,
        RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*

---

WHITEHAVEN S.F., LLC,

      *Petitioner-Appellee*,

           v.                            No. 14-3677-cv

STEVEN SPANGLER,

      *Respondent-Appellant*,

HARVEY THATCHER,

      *Respondent-Appellee.*[*]

---

[*] The Clerk of Court is directed to amend the caption.

For Petitioner-Appellee:                    Eileen Theresa Rohan, Hudson, New York.

For Respondent-Appellant:              Daniel Lance Wittry, Indianapolis, Indiana.

For Respondent-Appellee:               Matthew John Mason, UAW-GM Legal
                                                           Services Plan, Detroit, Michigan.

For Amicus Curiae:                           Holly Aiyisha Thomas, Special Counsel to the
                                                           Solicitor General, Steven C. Wu, Deputy
                                                           Solicitor General, Barbara D. Underwood,
                                                           Solicitor General of the State of New York, *for*
                                                           Eric T. Schneiderman, Attorney General of the
                                                           State of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Ramos, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Respondent-Appellant Steven Spangler appeals from a judgment of the district court (Ramos, *J.*), which compelled him to arbitrate under the Federal Arbitration Act, 9 U.S.C. §§ 1–16. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

We review a decision to compel arbitration de novo. *See Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d 360, 364 (2d Cir. 2003). The Federal Arbitration Act provides that written arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A party to a contract that requires arbitration may petition a district court "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. A court must compel arbitration if it determines that a contractually valid arbitration agreement exists under

2

the relevant state law and that the parties' dispute falls within the scope of that agreement. *See Nackel*, 346 F.3d at 365. When assessing the validity of an arbitration agreement, "the general rule is that courts 'should apply ordinary state-law principles that govern the formation of contracts.'" *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc*., 592 F.3d 329, 344 (2d Cir. 2010) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

Spangler argues that the petition to compel arbitration should have been denied because the arbitration provision of the 2008 contract between Whitehaven S.F., LLC and Spangler violated the terms of an Assurance of Discontinuance that Whitehaven signed with the Attorney General of the State of New York in the spring of 2005. *See* Appellant's App. 38–48. An Assurance of Discontinuance is a regulatory mechanism, similar to a deferred-prosecution agreement, in which the Attorney General agrees to forego suit over, among other things, deceptive business practices in exchange for a company's agreement to alter its practices. *See* N.Y. Gen. Bus. Law § 349; N.Y. Exec. Law § 63(15). Here, Whitehaven was one of a number of litigation-financing companies whose practices attracted the attention of the Attorney General. In exchange for resolving the matter without a lawsuit, Whitehaven agreed, among other provisions in the Assurance of Discontinuance: "No contract may require mandatory arbitration to resolve disputes under the contract." Appellant's App. 43. Spangler contends that this agreement bars, by force of law or by force of contract, Whitehaven's petition to compel him to arbitrate. Because Spangler's arguments turn on important questions about the powers of the Office of the Attorney General of the State of New York, we requested its views, and received a thoughtful amicus brief. *See* Amicus Brief for the Attorney General of New York, *Whitehaven S.F., LLC v. Spangler* (2d Cir. Oct. 30, 2015), No. 14-3677-cv, ECF No. 152 ("Amicus Br.").

3

The Attorney General is of the view that, for purposes of determining whether a contractual provision violates New York public policy, the Assurance of Discontinuance does not have the force of law because, as the district court held, it is not a part of the "constitution, statutes or judicial records of New York." *Whitehaven S.F., LLC v. Spangler*, 45 F. Supp. 3d 333, 347 (S.D.N.Y. 2014); *see In re Estate of Walker*, 64 N.Y.2d 354, 359 (1985). Spangler relies heavily on *General Motors Corp. v. Abrams*, 897 F.2d 34 (2d Cir. 1990), in which we held that a similar mechanism, the consent order of the Federal Trade Commission, could have the "force of 'federal law.'" *Id.* at 39. But, as the Attorney General notes, the Federal Trade Commission's consent-order mechanism in *Abrams* related to an area where the Commission had substantive rulemaking authority. By contrast, the New York statutes that empower the Attorney General to enter Assurances of Discontinuance do not also provide for rulemaking authority. We agree with the Attorney General and district court that the Assurance of Discontinuance does not have the force of law, such that a conflicting contractual term cannot be enforced as violating New York public policy.

The Attorney General is of the view, however, that an Assurance of Discontinuance does have the force of contract, in that it may have third-party beneficiaries who can rely on the Assurance in defending against petitions to compel arbitration where the petitioner has agreed to cease use of mandatory-arbitration terms. The Attorney General reasons that Assurances are interpreted as contracts, *see MBIA Inc. v. Fed. Ins. Co.*, 652 F.3d 152, 171 (2d Cir. 2011), and that contracts in New York may have intended third-party beneficiaries, *see BAII Banking Corp. v. UPG, Inc.*, 985 F.2d 685, 696–97 (2d Cir. 1993). While government contracts, including Assurances of Discontinuance, must satisfy a more stringent test before a court may conclude

4

that they create third-party beneficiaries, a member of the public may be an intended third-party beneficiary of a public contract, in the Attorney General's view, where (a) the contract expressly and primarily benefits an identified segment of the public, *see Koch v. Consol. Edison Co. of N.Y.*, 62 N.Y.2d 548, 558–59 (1984), and (b) the promisor must render its performance directly to the third party, *see Levin v. Tiber Holding Corp.*, 277 F.3d 243, 249 (2d Cir. 2002).

Although third-party beneficiaries to government contracts do not necessarily have the right to bring suit for damages or specific enforcement, they may nevertheless rely on the contract, in the Attorney General's view, to defend against conduct that violates it, as Spangler seeks to do. "Allowing third-party beneficiaries to rely on our [Assurances of Discontinuance] to resist a signatory's attempt to enforce prohibited contract terms helps accomplish the very objectives that our [Assurances] provide while at the same time preventing broader interference with the Office's public-policy goals." Amicus Br. 17. Accordingly, the view of the Attorney General is that there is merit to Spangler's argument that a respondent may defend against a petition to compel arbitration based on a provision that violates an Assurance of Discontinuance signed by the petitioner.

We recognize that this conclusion could be a matter of great importance to New York law, so we might, in the ordinary course, certify the question to the New York Court of Appeals rather than pass upon it ourselves in the first instance, if the answer were outcome-determinative. We need not do so here, however, because we agree with the Attorney General and Whitehaven that Spangler is not an intended third-party beneficiary of the Assurance of Discontinuance. By its terms, the Assurance covers "all transactions *with New York consumers* who enter into cash advance transactions" with its signatories. Appellant's App. 41 (emphasis added). Our review of

the record shows that Spangler is a Florida resident whose transaction with Whitehaven had no physical nexus with New York other than Whitehaven's doing business there. We agree with the Attorney General that the term "New York consumers" encompasses "those consumers who live or work in New York, as well as consumers who are physically present in New York when they enter into agreements," Amicus Br. 6, but not a consumer like Spangler who resides in and consumes services while located in another state. Accordingly, even if a New York consumer could invoke the Assurance of Discontinuance, Spangler cannot do so because he is not an intended third-party beneficiary.

As a final matter, we endorse the Attorney General's suggestion that the district courts in our Circuit, when considering cases like this that invoke an Assurance of Discontinuance, invite the participation of the Office of the Attorney General, which "would enable it to express its views about the scope of its agreements and raise any objections it may have to a private party's position." Amicus Br. 19. This is a good practice that will facilitate informed decisions.

We have considered Spangler's remaining arguments and find them to be without merit. We decline to reach Respondent-Appellee Harvey Thatcher's judicial estoppel argument, which he did not raise in the district court. *See Virgilio v. City of New York*, 407 F.3d 105, 118 (2d Cir. 2005). For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6